UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


UNITED STATES OF AMERICA

v.                                        Case Nos.    3:96cr5/LC/CJK
                                                       3:14cv286/LC/CJK

WILLIE BRAZILE
_____/

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 69). Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides in part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." After a review of the record, it is the opinion of the undersigned that the court is without jurisdiction to entertain Defendant's motion and that it should be summarily dismissed.[1]

---

[1] Defendant's motion is not on the appropriate court form as required by Northen District of Florida Local Rule 5.1(J)(2). If summary dismissal were not warranted in this case, Defendant would be required to file an amended motion on the court form as required by this rule before his motion would be considered on the merits.

## BACKGROUND and ANALYSIS

Defendant was sentenced to a term of life imprisonment in September of 1996 after his conviction of controlled substance offenses (doc. 26).  He did not appeal, and filed his first motion to vacate in June of 2001 (doc. 37).  The motion was summarily dismissed as untimely (docs. 38–41).  The Eleventh Circuit denied Defendant's request for a certificate of appealability and dismissed his appeal (doc. 62).  In 2006, Defendant filed a motion for writ of audita querela, which the district court denied initially and on reconsideration (docs. 65–68).  Defendant has now filed another motion to vacate in which he seeks relief pursuant to the recent Supreme Court decision in *Descamps v. United States*, 133 S.Ct. 1924 (2013), which he suggests announced a new substantive rule that is retroactively applicable to his case.

This court does not have jurisdiction to entertain Defendant's motion.  Before a second or successive application for § 2255 relief is filed in the district court, the litigant must typically move in the appropriate court of appeals for an order authorizing the district court to consider the application.  28 U.S.C. § 2244(b)(3) and § 2255(h); *Felker v. Turpin,* 518 U.S. 651 (1996); *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005); *Carter v. United States,* 405 Fed. App'x 409 (11th Cir. 2010).  Defendant's successive motion falls within the larger subset of cases for which such authorization is required, as he is challenging the same judgment he challenged in his initial motion.  This authorization is required even when, as here, a defendant asserts that his motion is based on the existence of a new rule of law, made retroactive to cases on collateral review by the Supreme Court, that was

previously unavailable.[2]   28 U.S.C. § 2255(h)(2).   Defendant has not obtained authorization from the Eleventh Circuit Court of Appeals to file a successive motion, and therefore, the instant motion to vacate must be dismissed without prejudice.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Court ("§ 2255 Rules") provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should

---

[2]   Despite Defendant's assertions to the contrary, the Supreme Court has not declared its decision in *Descamps* to be retroactively applicable on collateral review, nor has the undersigned found any cases applying *Descamps* retroactively to cases on collateral review, although many cases have held to the contrary.  *See, e.g., United States v. Boykin*, Case Nos. 4:07cr38-RH/GRJ, 4:14cv224-RH/GRJ, 2014 WL 2459721 (N.D. Fla., May 31, 2014); *Larvie v. United States*, Case No. CIV 14-3006, 2014 WL 2465588, at *5 (D. S.D. June 2, 2014); *Pulley v. United States*, Case Nos. 2:13CV257-PPS, 2:04CR12-PPS, 2014 WL 2206893, at *2 (N.D. Ind. May 27, 2014); *Baker v. Zych*, Case No. 7:13cv512, 2014 WL 1875114, at *2 (W.D.Va. May 9, 2014); *Valencia-Mazariegos v. United States*, Case No. A-09-CR-228-SS, 2014 WL 1767706 at *3 (W.D. Tex. May 1, 2014); *Harr v. United States*, Case No. 14-cv-1152, 2014 WL 1674085 at *3 (C.D. Ill. 2014); *United States v. Hastings*, Case No. 11-25(1)(RHK/FLN), 2014 WL 1584482 at *7 (D. Minn. Apr. 21, 2014);  *Hoskins v. Coakley*, Case No. 4:13 CV 1632, 2014 WL 245095 at *5 (N.D.Ohio, Jan. 22, 2014); *Randolph v. United States*, Case No. CCB–13–1227, 2013 WL 5960881, at *1 (D. Md. Nov.6, 2013); *Roscoe v. United States*, No. 2:11–CR–37–JHH–RRA, 2013 WL 5636686, at *11 (N.D. Ala. Oct.16, 2013).  Thus, even if Defendant's motion were not successive, *Descamps* would not be applicable to his case and would not afford him relief.

issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.      Defendant's motion to vacate pursuant to 28 U.S.C. § 2255 (doc. 69), be **SUMMARILY DISMISSED**.

2.      A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 24th day of June, 2014.


/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**